E FILED ON 7/29/09
THOMAS E. CROWE, ESQ.
THOMAS E. CROWE PROFESSIONAL
LAW CORPORATION
tcrowelaw@yahoo.com
7381 W. Charleston Blvd., Suite 110
Las Vegas, Nevada 89117
(702) 794-0373
Attorney for Debtor-in-possession
Nevada State Bar no. 3048

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BANKRUPTCY NUMBER: |
| | ) | BK-S-09-11241-MKN |
| LEON MCKITTRICK, | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Date: TO BE DETERMINED |
| | ) | Time: |

## DEBTOR'S  PLAN OF REORGANIZATION DATED JULY 29, 2009

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of LEON MCKITTRICK,  (the "Debtor") from rents on property (for secured creditors) and other current monthly income.

This Plan provides for 2 classes of secured claims; 1 class of unsecured claims; and 0 classes of equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of administrative claims, deferred as necessary to achieve Plan confirmation but paid prior to distribution to unsecured creditors.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01      <u>Class 1</u>.      Oversecured creditors as listed in Article IV

2.02      <u>Class 2.</u>      The claims of undersecured creditors listed as Class 2 creditors in Article IV, to the extent allowed as a secured claim under §506 of the Code.

2.03      <u>Class 3.</u>      All unsecured claims allowed under §502 of the Code.

2.04      <u>Class 4.</u>      "The interests of the individual Debtor in property of the estate."

## ARTICLE III
## TREATMENT OF ADMINISRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEE FEES, AND PROIRITY TAX CLAIMS

3.01    <u>Unclassified Claims.</u>   Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims.</u> Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    <u>Priority Tax Claims.</u> Each holder of a priority tax claim will be paid within 5 years of assessment.

3.04    <u>United States Trustee Fees.</u> All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter on the Code. Any U.S. Trustee fees owed on or before the effective date of this Plan will be paid on the effective date.

/ / /

/ / /

/ / /

/ / /

/ / /
/ / /

## ARTICLE IV
## <u>TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN</u>

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 Oversecured Creditors | Unimpaired | |
| Class 1-A | First Citizens Bank 0 Isle of Wright Road Midway, GA | Contract interest paid at $ 2,850.66 per month through original maturity date |
| Class 2  Under Secured claims | Impaired 1st or 2nd mortgages | |
| Class 2-A | Countrywide 1913 Alwill Street Las Vegas, NV 89106 | 4.5 % interest paid at  $696.38 per month through original maturity date. |
| Class 2-B | Countrywide 1916 Cindysue Street Las Vegas, NV 89106 | 4.5 % interest paid at $696.59 per month through original maturity date. |
| Class 2-C | Countrywide 1928 Cindysue Street Las Vegas, NV 89106 | 4.5 % interest paid at $723.45 per month through original maturity date. |
| Class 2-D | Countrywide 1932 Cindysue Street Las Vegas, NV 89106 | 4.5 % interest paid at $716.38 per month through original maturity date. |
| Class 2-E | Countrywide 1940 Cindysue Street Las Vegas, NV 89106 | 4.5 % interest paid at $696.81 per month through original maturity date. |
| Class 2-F | Countrywide 1944 Cindysue Street Las Vegas, NV 89106 | 4.5 % interest paid at $696.45 per month through original maturity date. |
| Class 2-G | Countrywide 1948 Cindysue Street Las Vegas, NV 89106 | 4.5 % interest paid at $696.38 per month through original maturity date. |

| | | |
|---|---|---|
| Class 2-H | Countrywide<br>1917 Alwill Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $696.39<br> per month through original maturity date. |
| Class 2-I | Countrywide<br>402 Estella Avenue<br>Las Vegas, NV 89107 | 4.5 % interest paid at $981.37<br> per month through original maturity date. |
| Class 2-J | Countrywide<br>2512 Rialto Road<br>Las Vegas, 89108 | 4.5 % interest paid at $301.59  per month<br>through original maturity date. |
| Class 2-K | EMC<br>1901 Alwill Street<br>Las Vegas. NV 89106 | 4.5 % interest paid at $810.14<br> per month through original maturity date. |
| Class 2-L | Indymac Bank<br>1900 Cindysue Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $841.55<br> per month through original maturity date. |
| Class 2-M | Indymac Bank<br>1905 Goodwill Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $743.29<br> per month through original maturity date. |
| Class 2-N | Taylor, Bean & Whitaker<br>4028 Spring Line Street<br>N. Las Vegas, NV 89032 | 4.5 % interest paid at $646.56<br> per month through original maturity date. |
| Class 2-O | Washington Mutual<br>1908 Cindysue Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $687.29<br> per month through original maturity date. |
| Class 2-P | Washington Mutual<br>1904 Cindysue Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $687.29<br> per month through original maturity date. |
| Class 2-Q | Washington Mutual<br>1912 Cindysue Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $696.19<br> per month through original maturity date. |
| Class 2-R | Washington Mutual<br>1936 Cindysue Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $686.81<br> per month through original maturity date. |

| | | |
|---|---|---|
| Class 2-S | Washington Mutual<br>1921 Alwill Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $686.86<br>per month through original maturity date. |
| Class 2-T | Washington Mutual<br>1925 Alwill Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $696.93<br>per month through original maturity date. |
| Class 2-U | Washington Mutual<br>1929 Alwill Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $687.29<br>per month through original maturity date. |
| Class 2-V | Washington Mutual<br>1945 Alwill Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $687.29<br>per month through original maturity date. |
| Class 2-W | Washington Mutual<br>1949 Alwill Street<br>Las Vegas, NV 89106 | 4.5 % interest paid at $716.18<br>per month through original maturity date. |
| Class 3 – General Unsecured Creditors | Impaired | 5% over 60 months or $60,000.00, whichever is lesser |
| Class 4 – Equity Security Holders of the Debtor | N/A | N/A |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; of (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with the court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## <u>MEANS FOR IMPLEMENTATION OF THE PLAN</u>

All rents received for Debtor's properties will be devoted to principal and interest payments to secured creditors, maintenance and repairs for each property, taxes, insurance and management. All other "current monthly income" of Debtor will be utilized to pay unsecured creditors as required by the confirmed Plan over the 60 month disposable income period.

## ARTICLE VII
## <u>GENERAL PROVISIONS</u>

7.01    <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:  N/A.

7.02    <u>Effective Date of Plan.</u> The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03    <u>Severability.</u> If any provision in this Plan is determined to be unenforceable, the determination will in no way limit of affect the enforceability and operative effect of any other provision of this Plan.

7.04    <u>Binding Effect.</u> The rights and obligations of any entity names or referred to in the Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05    <u>Captions.</u> The headings contained in this Plan are for convenience or reference only and do not affect the meaning or interpretation of this Plan.

7.06    <u>Controlling Effect.</u> Unless a rule of law or procedure in supplies by federal law (including the Code and the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

/ / /

/ / /

/ / /

/ / /

/ / /

ARTICLE VIII
DISCHARGE

8.01.    Discharge. Conformation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in §1141 (d)(5) of the Code. The Debtor will not be discharged from any debt excepted for discharge under §523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

DATED this 28th day of July, 2009.

Respectfully submitted.

By:   /s/ LEON MCKITTRICK
          The Plan Proponent

THOMAS E. CROWE PROFESSION
LAW CORPORATION

 /s/ THOMAS E. CROWE
THOMAS E. CROWE, ESQ.
State Bar No.  3048
7381 W. Charleston Blvd., #110
Las Vegas, NV  89117
Attorney for Debtor

# # #